UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>ANGEL SANDOVAL MONDRAGON, et al.,<br><br>　　　　　　　Defendants. | CASE NO. CR15-0386JLR<br><br>ORDER CLARIFYING SENTENCE OF DEFENDANT MONICA ARCE-FLORES |

Before the court is Defendant Monica Arce-Flores's motion for clarification of judgment. (Mot. (Dkt. # 303).) The court clarifies its judgment as stated below.

Ms. Arce-Flores was one of four defendants in this criminal matter. (*See* Superseding Indictment (Dkt. # 147).) She pled guilty to a violation of 8 U.S.C. § 1325(a)(1)—improper entry by an alien. (Plea Agmt. (Dkt. # 244).) The proceedings in the criminal case included allegations of serious misconduct. (*See generally* Superseding Indictment.) In the statement of facts in Ms. Arce-Flores's plea agreement,

ORDER - 1

Ms. Arce-Flores admits only that she is a Mexican citizen, entered the United States by eluding examination and inspection, and was apprehended by law enforcement. (Plea Agmt. ¶ 7.) The plea agreement also states that the maximum term of imprisonment for the admitted offense is six (6) months. (*Id.* ¶ 3.)

In sentencing, the court utilized the United States Sentencing Guidelines. The plea agreement specifically noted that the court "may impose any sentence authorized by law, up to the maximum term authorized by law." (*Id.* ¶ 8(b).) At the parties' request, the court did not conduct a full 18 U.S.C. § 3553(a) discussion at the sentencing hearing and instead proceeded directly to sentencing. The court understood the parties made their request because Ms. Arce-Flores had been in custody for longer than the maximum sentence, which meant she would serve no further detention for the crime to which she pled guilty. Accordingly, the court sentenced her to time served. (*See* Judgment (Dkt. # 246).)

The court regrets not expressly stating its intended sentence at the hearing. The court intended to sentence Ms. Arce-Flores to six (6) months. The court based this sentence on its extensive knowledge of the case, which the court has handled since December 2015. (*See* Dkt.) Because Ms. Arce-Flores's period of custody exceeded six (6) months, the court believed a sentence of time served would be the easiest way to communicate to the Bureau of Prisons that Ms. Arce-Flores should be immediately released from custody.

In connection with the current motion for clarification, Ms. Arce-Flores suggests that she should receive a shorter sentence because she pled to an immigration offense,

ORDER - 2

was a first time offender, and has family legally in the United States. (Mot. at 1-2.) The court stands by the 18 U.S.C. § 3553(a) analysis that it conducted—but did not articulate—at the time of sentencing. The court concluded then and clarifies now that the most lenient sentence it could impose, reflecting the factors contained in 18 U.S.C. § 3553(a), was six (6) months.

Dated this 7th day of April, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 3