UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR15-0386JLR |
|---|---|
| Plaintiff, | ORDER ON MOTION FOR WRIT OF ERROR CORAM NOBIS |
| v. | |
| MONICA ARCE-FLORES, | |
| Defendant. | |

## I. INTRODUCTION

Before the court are the parties' supplemental briefs regarding Defendant Monica Arce-Flores's motion for writ of error *coram nobis* (Mot. (Dkt. # 317)). (Def. Supp. Br. (Dkt. # 328); Pl. Supp. Br. (Dkt. # 329).) The court ordered the supplemental briefing (*see* Min. Order (Dkt. # 327)) after the Ninth Circuit Court of Appeals remanded Ms. Arce-Flores's appeal "for the limited purpose of enabling the [] court to consider [her] motion for a writ of error *coram nobis*" (Remand (Dkt. # 326) at 1). The court has considered the supplemental briefs, the relevant portions of the record, and the applicable

ORDER - 1

law. Being fully advised,[1] the court VACATES Ms. Arce-Flores's six-month sentence, and IMPOSES a sentence of 179 days.

## II. BACKGROUND

The court recited most of the operative facts in its first order on Ms. Arce-Flores's motion. (*See* Order at 2-8.) The court will not repeat the facts except insofar as it is helpful to the final disposition of the motion.

On August 14, 2017, Ms. Arce-Flores moved for a writ of error *coram nobis*, alleging a violation of her Sixth Amendment right to counsel. (*See* Mot.) To qualify for *coram nobis* relief, a petitioner must establish that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Chan*, 792 F.3d 1151, 1153 (9th Cir. 2015). On October 16, 2017, the court found that Ms. Arce-Flores's motion demonstrated the first and third *Chan* factors. (*See* Order at 11-12, 15-19.) As to the second and fourth factors, however, the court found that the motion only raised a substantial issue. (*Id.* at 12-14, 19-27.)

More specifically, regarding the second factor, the court concluded that the Government's presentation precluded the court from determining whether Ms.

---

[1] Ms. Arce-Flores previously requested oral argument on the underlying motion. (*See* Mot. at 1.) The court found that oral argument would not be helpful at that stage of the proceedings. (*See* Order (Dkt. # 325) at 2 n.1.) Neither party requests oral argument on the supplemental briefing, and the court again finds that oral argument would not be helpful to its disposition of the underlying motion. *See* Local Rules W.D. Wash. LCR 7(b)(4); *see also id.* LCrR 12(b)(9).

ORDER - 2

Arce-Flores's motion was unreasonably delayed. (*Id.* at 12-14.) Regarding the fourth factor, the court analyzed whether Ms. Arce-Flores's prior counsel provided ineffective assistance of counsel under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining that a petitioner seeking to establish ineffective assistance of counsel must prove (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense"). Under *Strickland*, the court found counsel's performance "was deficient in the plea process" because he misadvised Ms. Arce-Flores on the immigration consequences of pleading guilty to an offense with a maximum sentence of more than 180 days, despite clear law on this issue. (*Id.* at 22-23); 8 U.S.C. § 1107(f) (explaining that a person who is imprisoned for more than 180 days as a result of a conviction cannot demonstrate "good moral character" and therefore cannot qualify for cancellation of removal under 8 U.S.C. § 1229b(b)(1)). In addition, the court found that counsel's deficient performance during the plea process prejudiced Ms. Arce-Flores. (Order at 26.)

The parties, however, did not address "the interplay between [counsel's] performance at sentencing—both the hearing and the subsequent motion to clarify—and his deficiency during the plea process." (*Id.* at 23.) The parties also failed to address the "the appropriate standard for evaluating [counsel's] performance at the sentencing stage." (*Id.*) Similarly, the parties did not discuss "how the sentencing phase affects, if at all, a finding of prejudice arising from the plea process," including whether the court's clarification of Ms. Arce-Flores's sentence cured the prejudice from the plea process. (*Id.* at 27; *see also* Order Clarifying Sentence (Dkt. # 304).) Therefore, the court was

unable to make a final determination on whether Ms. Arce-Flores had demonstrated she suffered prejudice from counsel's deficient performance. (*See* Order at 27.)

After the Ninth Circuit remanded Ms. Arce-Flores's appeal, the court ordered the parties to file supplemental briefing regarding three outstanding issues from the underlying motion:

> (1) whether Ms. Arce-Flores had sound reasons for not filing a motion for writ of error *coram nobis* sooner;
>
> (2) whether Ms. Arce-Flores's previous counsel was ineffective during the sentencing phase of the criminal matter, the standard for evaluating any such ineffectiveness, whether the court must consider any alleged ineffectiveness at sentencing if the court finds that previous counsel was ineffective during the plea process, and whether the sentencing phase affected prejudice arising from the plea process; and
>
> (3) the proper remedy for any ineffective assistance of counsel.

(Min. Order at 1-2 (internal citations omitted).) The court now addresses these topics.

### III. ANALYSIS

**A. Ms. Arce-Flores Had Sound Reasons for Not Filing Her Motion Sooner**

*Coram nobis* petitions are not subject to any statute of limitations. *See Telink, Inc. v. United States*, 23 F.3d 42, 45 (9th Cir. 1994); *United States v. Rodriguez-Trujillo*, Nos. 4:11-cv-00593-BLW, 4:08-cr-00240-BLW, 2013 WL 1314247, at *4 (D. Idaho Mar. 28, 2013). Instead, a petitioner must show that she had "sound reasons" for not challenging her conviction sooner. *See United States v. Kwan*, 407 F.3d 1005, 1013 (9th Cir. 2005), *abrogated on other grounds in Padilla v. Kentucky*, 559 U.S. 356 (2010). A petitioner has no sound reason when she delays for no reason whatsoever, the respondent demonstrates prejudice from the delay, or the petitioner appears to abuse the writ. *Id.* at

1014. In its October 16, 2017, order, the court clarified that this inquiry should not, as the Government argued, focus on "when Ms. Arce-Flores realized the legal significance of her plea," but rather "the proper focus is on when Ms. Arce-Flores realized the potential ineffective assistance of her counsel—the basis of her petition." (Order at 13.)

The parties agree that Ms. Arce-Flores did not unreasonably delay filing her motion. (Def. Supp. Br. at 15; Pl. Supp. Br. at 6 ("In light of the Court's conclusion that the proper focus is . . . when 'she realized the potential ineffective assistance of counsel,' the government concedes that the Defendant did not unreasonably delay in filing her motion.").) The court agrees. Ms. Arce-Flores first became aware of counsel's misadvice in March 2017 when the immigration court denied her bond in part because she had served over 180 days for a criminal offense, which in turn meant that she was ineligible for a good moral character removal waiver. (Bond Order (Dkt. # 317-6).) Counsel filed the motion to clarify on April 3, 2017 (Mot. to Clarify (Dkt. # 303)), and the court ruled on the motion on April 7, 2017 (Order Clarifying Sentence). Ms. Arce-Flores's new counsel, Neil Fox, was appointed on May 31, 2017. (Appt. (Dkt. # 313).) Ms. Arce-Flores then filed the underlying motion on August 14, 2017. (*See* Mot.)

In total, five months passed between when Ms. Arce-Flores learned about counsel's ineffective assistance and her filing the underlying motion. Only for the latter ten weeks of that time period did Ms. Arce-Flores have new counsel who was better able to address prior counsel's ineffective assistance. In addition, the Government does not assert any prejudice from this delay (*see* Pl. Supp. Br. at 6-7), and Ms. Arce-Flores has

not abused the writ, *see Kwan*, 407 F.3d at 1014. Accordingly, the court finds that Ms. Arce-Flores had sound reasons for not challenging her conviction sooner.

**B.  Ineffective Assistance of Counsel at the Sentencing Phase**

The parties agree that the court should apply the *Strickland* test to determine whether Mr. Engelhard provided ineffective assistance during Ms. Arce-Flores's sentencing phase. (*See* Pl. Supp. Br. at 3; Def. Supp. Br. at 2); *see also Daire v. Lattimore*, 812 F.3d 766 767 (9th Cir. 2016) (*en banc*). As stated above, to establish ineffective assistance of counsel under *Strickland*, a petitioner must prove (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." 466 U.S. at 687. Counsel's failure to "inform[] the sentencing judge that a sentence only two days shorter than the sentence ultimately imposed would enable [the defendant] to avoid deportation" is grounds for ineffective assistance of counsel. *Kwan*, 407 F.3d at 1016.

As discussed, the court has already determined that counsel provided ineffective assistance during the plea process. (Order at 26.) Moreover, the parties agree that counsel's failure to inform the sentencing judge about the consequences of a 180-day sentence versus a 179-day sentence—let alone advocate for a sentence that would allow Ms. Arce-Flores to demonstrate good moral character—"compel[s] a conclusion" that counsel provided a deficient performance that prejudiced Ms. Arce-Flores at the sentencing phase. (*See* Pl. Supp. Br. at 3-6; Def. Supp. Br. at 7-13.) The court agrees.

A 179-day sentence would have allowed Ms. Arce-Flores to apply for a good moral character waiver, which is necessary to avoid removal. *See* 8 U.S.C.

§ 1229b(b)(1)(B). A 180-day sentence disqualifies her from this waiver. *Id.*; *see* 8 U.S.C. § 1107(f)(7). Under *Kwan*, Mr. Engelhard had the obligation to inform the sentencing court of the important consequences of a 179-day versus a 180-day sentence. *Kwan*, 407 F.3d at 1018. His failure to do so makes his performance "objectively unreasonable" and therefore deficient. *Id.* at 1017.

In addition, there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. Where "a nominally shorter sentence" would enable a petitioner to avoid deportation, there is a reasonable probability that the court would have imposed the shorter sentence. *Kwan*, 407 F.3d at 1017. Counsel's failure to mention the importance of a one-day sentence reduction "depriv[ed Ms. Arce-Flores] of an opportunity to have a sentencing court exercise its discretion" in her favor, which would have allowed Ms. Arce-Flores to apply for the "good moral character" waiver. *Id.* at 1018. In short, counsel's deficient performance prejudiced Ms. Arce-Flores.

The parties also agree that counsel's motion to clarify did not cure the prejudice caused by counsel's deficient performance during the plea process and sentencing phase. (*See* Pl. Supp. Br. at 5-6; Def. Supp. Br. at 11-13.) The motion to clarify did not mention that a 180-day sentence would preclude Ms. Arce-Flores from receiving a "good moral character" waiver or that 179 days was Ms. Arce-Flores's desired sentence. (*See* Mot. to Clarify.) Rather, the motion requested the court to clarify whether Mr. Arce-Flores's time in custody was served "*as a result of conviction* for the misdemeanor offense." (*See id.*) The court finds that counsel's repeated failure to inform the court of the importance

of a one-day sentence reduction at the sentencing hearing or in the motion to clarify does not cure his prior ineffective assistance.

Finally, the parties agree that, when determining whether counsel provided constitutionally adequate assistance, the court must consider "counsel's conduct *as a whole*." (Pl. Supp. Br. at 6; Def. Supp. Br. at 8 (both citing *Browning v. Baker*, 875 F.3d 444, 471 (9th Cir. 2017)).) Because counsel provided ineffective assistance during the plea process and sentencing hearing, which he did not cure with his motion to clarify, the court concludes that counsel's conduct, as a whole, equates to ineffective assistance of counsel, which is fundamental error. *See Rianto v. United States*, No. 1:12-cv-00516-DAD-SKO, 2017 WL 3334011, at *3 (E.D. Cal. Aug. 4, 2017) ("A *coram nobis* petitioner may show fundamental error by demonstrating that he received ineffective assistance of counsel . . . ." (emphasis added) (citing *Kwan*, 407 F.3d at 1014)).

The court now holds that Ms. Arce-Flores has satisfied all four requirements for *coram nobis* relief. (*See also* Order (finding that Ms. Arce-Flores satisfied the first and third *Chan* factors).) The court now turns to the proper remedy.

## C. Remedy

The parties diverge on what is the proper remedy. Ms. Arce-Flores argues that the court can do one of three things: (1) "[t]he [c]ourt can vacate the conviction and order that the guilty plea be withdrawn"; (2) "[t]he [c]ourt can order that a new sentencing hearing be held"; [or] (3) "[t]he [c]ourt can simply order that the judgment be changed as a remedy for ineffective assistance of counsel to order that Ms. Arce-Flores be incarcerated for 179 days or less." (Def. Supp. Br. at 14.) The Government, on the other

hand, argues that the court cannot reduce Ms. Arce-Flores's sentence because a court can only modify a sentence pursuant to 18 U.S.C. § 3582(c). (Pl. Supp. Br. at 8.) Instead, the Government argues, the court can only alter her sentence after going through additional plea bargaining and sentencing stages. (*See id.* at 7-8.)

As the court noted in its first order on Ms. Arce-Flores's motion (*see* Order at 27-28), "[i]neffective assistance of counsel, unlike the enumerated § 3553(a) factors, is 'a constitutional violation of a defendant's rights,' and such a violation 'requires a remedy specifically tailored to the constitutional error,'" *United States v. Dibe*, 776 F.3d 665, 671 (9th Cir. 2015) (quoting *United States v. Basalo*, 258 F.3d 945, 951 (9th Cir. 2001)); *see also United States v. Morrison*, 449 U.S. 361, 363 (1981) (stating that in determining an appropriate remedy for ineffective assistance of counsel, the court must consider the facts and circumstances of the particular case); *United States v. Hubenig*, No. 6:03-mj-040, 2010 WL 2650825, at *10 (E.D. Cal. July 1, 2010) (quoting *Riggs v. Fairman*, 399 F.3d 1179, 1184 (9th Cir. 2005) ("When ineffective assistance of counsel has deprived a defendant of a plea bargain, a court may choose to vacate the conviction and return the parties to the plea bargaining stage.")). Accordingly, courts addressing ineffective assistance of counsel claims on writs of *coram nobis* have, for example, vacated their judgments. *See Hirabayashi*, 828 F.2d at 604; *see also Garcia*, 2017 WL 3669542, at *1. Additionally, in *Kwan*, the Ninth Circuit vacated the defendant's sentence, remanded, and directed the district court to impose a lesser sentence. *See Kwan*, 407 F.3d at 1018 ("[W]e reverse and remand to the district court with instructions to issue the writ, vacate [the defendant's] sentence, and impose a sentence of one day less than one year."). The

*Kwan* court specifically did not order the district court to return the parties to the plea-bargaining stage. *See id.*

In accordance with Ninth Circuit precedent, the court vacates Ms. Arce-Flores's six-month sentence and imposes a 179-day sentence. (*See* Order Clarifying Sentence at 2); *see also Kwan*, 407 F.3d at 1018. The court finds that this remedy is specifically tailored to counsel's ineffective assistance, which infected both the plea process and the sentencing stage. The court sees no reason to send the parties back to the plea-bargaining stage when a more appropriate remedy has been made available by the Ninth Circuit. Having been the trial judge in this matter, the court cautions that by imposing a 179-day sentence, the court takes no position on whether Ms. Arce-Flores is entitled to a finding of good moral character or a cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(7), 1229b(b)(1).

### IV. CONCLUSION

Based on the foregoing analysis, the court VACATES Ms. Arce-Flores's sentence of six months, and IMPOSES a sentence of 179 days.

Dated this 12 day of January, 2018.

JAMES L. ROBART
United States District Judge